Ngawang SHERPA, Petitioner,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, Attorney General Alberto
R. Gonzales, Respondents.

No. 06–3233–ag.

United States Court of Appeals,
Second Circuit.

May 18, 2007.

Khaghendra Gharti–Chhetry, New York, N.Y., for Petitioner.

Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, N.C., for Respondents.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Ngawang Sherpa, a citizen of Nepal, seeks review of a June 12, 2006 order of the BIA, affirming the March 2, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom, denying his applications for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Ngawang Sherpa*, No. A79 743 290 (B.I.A. June 12, 2006) *aff'g* No. A79 743 290 (Immig. Ct. N.Y. City Mar. 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case. Where the BIA "adopts" the IJ's and the BIA's opinion together. *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006).

We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). However, we review the agency's factual findings under

the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

█ Here, we agree with the agency that despite his credible testimony, Sherpa failed to meet his burden of proving that it was more likely than not he would suffer persecution in Nepal on account of his political opinion. Although the verbal threat Sherpa received from a Maoist student in December 1995 was likely motivated by his political opinion, that threat is the only instance of persecution and took place ten years before his merits hearing. There is no other indication that he has been threatened since, and it was not error for the IJ to find that such a lengthy period of time diminished the likelihood that Sherpa would be persecuted again. *See Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005).

█ Substantial evidence also supports the IJ's characterization of the letter Sherpa received from the Maoists as a mass-mailing recruitment tool and fund-raising solicitation. Although the letter accuses the reader of "working directly in support of [the Nepali] reactionary state," it is not addressed to Sherpa and does not specifically mention him by name. Moreover, although the letter uses strong language in its opposition to the Nepali Congress government, it only "request[s]" that the reader donate money to the Maoist cause.

█ We also agree with the IJ's finding that Sherpa's testimony that two of his friends were persecuted is insufficient to sustain his claim. First, Sherpa's testimony regarding the death of his first friend was "insufficient and without details." Second, Sherpa "failed to provide a causal connection" with regard to his second friend's departure from Nepal and any of the protected grounds. Moreover, at his hearing, Sherpa only briefly mentioned his friends' experiences.

█ For similar reasons, we agree that Sherpa failed to establish that he was more likely than not to be tortured by Maoist insurgents. Although the 2004 State Department report indicates that Maoists "kill and torture politicians, civilians, and journalists" and that they use "torture as a means to prevent peaceful political protests against their party," these facts are insufficiently particularized to Sherpa. As such, substantial evidence supports the IJ's finding that Sherpa failed to establish that the Maoists have an interest in harming him. *See Lin v. DOJ,* 432 F.3d 156, 160 (2d Cir.2005).

█ Finally, we decline to reach Sherpa's claim that he suffered past persecution because he did not raise this issue before the IJ or the BIA. *See Steevenez v. Gonzales,* 476 F.3d 114, 117 (2d Cir.2007) (per curiam).

For the foregoing reasons the petition for review is DENIED. Having completed our review the pending motion for a stay of removal in this petition is DISMISSED as moot.